UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DANIEL L. GORDON,

                         Petitioner,               07 Civ. 10948

   -against-                             OPINION

DIRECTOR HARLEY LAPPIN of the Federal
Bureau of Prisons and MANAGER JAMES
SULLIVAN, Community Corrections, the
Federal Bureau of Prisons,

                        Respondents.

------------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/08

        Pro Se Petitioner

        DANIEL L. GORDON
        535 West 23rd Street, #S4E
        New York, NY  10011


        Attorneys for Respondents

        MICHAEL J. GARCIA
        United States Attorney for the
          Southern District of New York
        86 Chambers Street
        New York, NY  10007
        By:  Joseph N. Cordaro,
            Assistant U.S. Attorney

**Sweet, D.J.**


Petitioner Daniel L. Gordon, pro se ("Gordon" or the "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the petition is denied.


## Prior Proceedings


On December 19, 2003, Gordon pled guilty before the Honorable Gerard E. Lynch to a three-count information charging him with wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and conspiracy to falsify books and records in violation of 18 U.S.C. § 371.  On October 14, 2005, Judge Lynch sentenced Petitioner to 42 months of imprisonment and three years of supervised release, and imposed a fine of $100,000, a $300 special assessment, and an order of forfeiture in the amount of $43,000,000.  In imposing the $100,000 fine, Judge Lynch stated: "I emphasize this [is] in addition to the $43 million forfeiture.  That is not punishment, it is merely returning what you took."  Declarations of Joseph N. Cordaro, Apr. 17, 2007, Ex. A, at 37.  On December 28, 2005, Petitioner commenced his

incarceration at FCI Fort Dix.  He was transferred to FPC

Leavenworth on August 17, 2006.

     While he was incarcerated at FCI Fort Dix, Petitioner

was notified that he was eligible for admission to the

Residential Drug Abuse Program ("RDAP") of the Bureau of Prisons

("BOP") and early release under 28 U.S.C. § 3621(e).  On January

31, 2007, he executed three agreements concerning his

participation in the RDAP.  On April 19, 2007, Gordon executed a

BOP Community Based Program Agreement ("CBP Agreement").  The

CBP Agreement provided:

> I understand that while a resident of a community
> corrections center or work release program, I
> will be expected to contribute to the cost of my
> residence through payments to the contractor and
> I agree to make such payments.  I understand that
> failure to make such payments may result in my
> removal from a community-based program.

     Petitioner successfully completed the residential drug

use component of the RDAP on November 1, 2007, and was

transferred to the Bronx Community Re-Entry Center ("Bronx CCC")

on November 8, 2007.  On February 11, 2008, Petitioner was re-

assigned to home confinement.

     On September 26, 2007, before his transfer to the

Bronx CCC, Petitioner commenced the BOP administrative remedy

process by completing an "Informal Attempt to Resolve" form.  He claimed that he was exempt from paying 25% of his gross wages to a halfway house under 28 C.F.R. § 505.3 because he was fined as part of his sentence.  On or about October 2, 2007, Petitioner filed a formal Request for Administrative Remedy with FCP Leavenworth in which he stated that he "was never notified of the CCC Fee requirement."  FCP Leavenworth denied the request on November 7, 2007, on the grounds that Petitioner was aware of the subsistence fee requirement when he agreed to participate in the RDAP and that, while certain inmates are exempt from cost-of-incarceration fees ("COI fees") for imprisonment in a federal facility, subsistence payments at a non-secure CCC are unrelated to COI fees.

On November 7, 2007, Petitioner appealed FCP Leavenworth's decision by submitting a Regional Administrative Remedy Appeal form to the BOP Regional Director.  On January 10, 2008, the Regional Director ruled that subsistence payments are unrelated to COI Fees and that Petitioner had agreed to pay subsistence fees when he signed the CBP Agreement on April 19, 2007.  The Regional Director also noted that eligibility for early release is conditioned on meeting required employment and program activities at the residential re-entry center, including the payment of subsistence fees.

According to BOP's computerized SENTRY database, on or about January 15, 2008, Petitioner attempted to submit an appeal to the BOP General Counsel—the final step in the administrative review process. On January 18, 2008, Gordon's appeal was rejected on procedural grounds because he provided a defective copy or no copy of his Regional Administrative Remedy Appeal form with his submission. On or about January 22, 2008, Petitioner again attempted to submit an appeal to the General Counsel, but his appeal was rejected on January 24, 2008, because Petitioner submitted his appeal on an improper or defective form. There is no evidence that Gordon sought further to submit his appeal to the General Counsel.

On December 3, 2007, the Pro Se Office of this Court received Petitioner's § 2241 habeas petition again contending that he is exempt from COI fees, pursuant to 28 C.F.R. § 505.3, because Jude Lynch imposed a $100,000 fine as part of his sentence.

The Government responded to the petition, Gordon filed his Traverse and the petition was marked fully submitted on April 21, 2008.

4

**The Petition is Dismissed as to Respondent Harvey Lappin**

Petitioner has named Harvey Lappin ("Lappin"),
Director of BOP, and James Sullivan ("Sullivan"), BOP community
corrections manager in New York, as respondents in this action.
The only proper respondent in a habeas challenge to present
physical confinement generally is the person with physical
custody of the detainee — e.g., the warden of the facility where
the detainee is held — not a remote official.  Rumsfeld v.
Padilla, 542 U.S. 426, 434-35 (2004).  As the community
corrections manager is responsible for designating an inmate for
home confinement, Sanders v. Menifee, No. 04 Civ. 1483 (DLC),
2004 WL 1562734, at *2 (S.D.N.Y. July 13, 2004), the proper
respondent for the purposes of Petitioner's § 2241 habeas
petition is Sullivan.  The petition is dismissed as to Lappin.

**Petitioner Has Failed to Exhaust Administrative Remedies**

A federal defendant seeking judicial review pursuant
to 28 U.S.C. § 2241 must first exhaust all administrative
remedies.  Davis v. Killian, No. 07 Civ. 6584 (SAS), 2008 WL
627510, at *1 (S.D.N.Y. Mar. 7, 2008); see also Carmona v. U.S.
Bureau of Prisons, 243 F.3d 629, 630 (2d Cir. 2001) ("[A]
federal prisoner who defaults in pursuit of his administrative

remedies will . . . be denied habeas review absent a showing of cause and prejudice."). Petitioner's § 2241 petition is dismissed with prejudice because the time for Petitioner to file his appeal to the BOP General Counsel has elapsed, and Petitioner has made no showing of cause and prejudice that would excuse his default.

Petitioner exhausted his administrative remedies at the informal, formal, and Regional Director levels, but he never completed the final stage of the administrative process: i.e., an appeal to the BOP General Counsel. He made two attempts to file this final appeal, both of which were rejected because of defects in the filings. Even though he could have filed a timely appeal with the General Counsel up until February 11, 2008, and BOP gave him the opportunity to do so, Petitioner failed to make a third attempt once his second submission was rejected on January 24, 2008.

As Petitioner's appeal to the General Counsel was twice rejected for procedural defects, it could not be considered "accepted." Thus, Gordon has failed to exhaust BOP administrative remedies and has procedurally defaulted because the time for him to file his appeal with the General Counsel has passed. See Woodford v. Ngo, 540 U.S. 83, 126 S. Ct. 2378, 2386

6

(2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004) ("[I]n the absence of any justification for not pursuing available remedies, [petitioner's] failure to pursue administrative remedies while they were available precluded his federal lawsuits, and they were properly dismissed with prejudice."). The petition is dismissed with prejudice.

## The Petition Lacks Merit

Gordon is responsible for paying CCC subsistence fees, regardless of his $100,000 fine in the underlying criminal matter.  He agreed to pay these fees when he signed the CBP Agreement on April 19, 2007.  However, he contends that (1) BOP regulations exempt him despite the contractual provision, and (2) the contractual provision is unenforceable.

The district courts in this circuit repeatedly have upheld BOP's discretion to collect subsistence fees from prisoners, such as Petitioner, who secure outside employment while detained.  See, e.g., King v. Rivera, No. 98 Civ. 2215

(DC), 1999 WL 76831, at *3 (S.D.N.Y. Feb. 16, 1999) ("The BOP has the authority to require inmates to pay subsistence fees as a condition to participating in a halfway house program."); Gleave v. Graham, 954 F. Supp. 599, 608 (W.D.N.Y. 1997) ("To sustain [plaintiff's] complaint on this breach of his claim would mean that it is irrational to demand that a prisoner share in the cost of his incarceration as a condition to being given the benefit of a less punitive (and presumably less costly) loss of personal liberty."); United States v. Gonzales, No. 89 Cr. 26 (KMW), 1993 WL 362410, at *1 (S.D.N.Y. Sept. 13, 1993) ("BOP had the authority to require [petitioner] to contribute to the cost of his confinement if he desired to continue working outside of his place of confinement.").

Petitioner's citation of 28 C.F.R. § 505.3 is unavailing. This regulation provides that inmates "who have had a fine either imposed or expressly waived by the United States District Court, pursuant to Section 5E1.2(e) of the United States Sentencing Guidelines, or any successor provisions, are exempt from fee assessment otherwise required by this part." 28 C.F.R. § 505.3. Section 5E1.2(e) of the Sentencing Guidelines gives the sentencing court discretion to impose a lesser fine or no fine if the defendant establishes that he or she is unable to pay a fine, or that a fine would be an undue burden on the

defendant's dependents.  U.S. Sentencing Guidelines Manual §

5E1.2(e)(2008).  Gordon's § 2241 petition lacks any indication

that the Court fixed the fine pursuant to § 5E1.2(e).  At

sentencing, Judge Lynch stated:  "In addition, you will be fined

$100,000.  I emphasize this [is] in addition to the $43 million

forfeiture.  That is not punishment, it is merely returning what

you took."  The sentencing minutes contain no reference to

section 5E1.2(e).  Accordingly, the exemption contained in 28

C.F.R. § 505.3 does not apply.

    Moreover, Petitioner agreed to pay subsistence fees as

a condition of his seeking paid employment during his detention

at the Bronx CCC.  See 18 U.S.C. § 3622(c)(2).  The CBP

Agreement was neither illegal nor a contract of adhesion.  The

collection of subsistence fees from Petitioner is permissible

under 18 U.S.C. § 3622(c)(2), 28 C.F.R. § 505.3 and BOP internal

agency guidelines.  See Stinson v. United States, 508 U.S. 36,

45 (1993) ("[P]rovided an agency's interpretation of its own

regulations does not violate the Constitution or a federal

statute, it must be given 'controlling weight unless it is

plainly erroneous or inconsistent with the regulation.'"

(quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414

(1945)).  A contract of adhesion ordinarily is "offered on a

take-or-leave basis by a party with stronger bargaining power to

a party with weaker power." <u>Carnival Cruise Lines, Inc. v.</u> <u>Shute</u>, 499 U.S. 585, 600 (1991).  Participation in an RDAP program is a privilege, not a right, and BOP has broad discretion to administer the program.  <u>See</u> <u>Goren v. Apker</u>, No. 05 Civ. 9006 (PKC), 2006 WL 1062904, at *5 (S.D.N.Y. April 20, 2006).  Petitioner requested RDAP participation in order to obtain eligibility for a sentence reduction.  In executing the CBP Agreement on April 19, 2007 — nearly seven months before his transfer to the Bronx CCC — Petitioner accepted his obligation to make CCC subsistence payments as a condition to his participation in the program.  The contractual obligation is valid and enforceable and therefore the petition lacks merit.

**The Petition May be Moot**

By letter of April 21, 2008, Gordon sought an expedited resolution alleging that he would be released from custody on May 5, 2008.

If Gordon is no longer in custody, the petition is moot and dismissible.  However, that fact has not been established on this record and the petition is appropriately dismissed on the merits for the reasons stated.

10

## Conclusion

The petition is dismissed for failure to exhaust and on the merits.

It is so ordered.

New York, N.Y.
September  9  , 2008

_____
ROBERT W. SWEET
U.S.D.J.

11